UNITED STATES v. MORAN et al.

(Circuit Court, S. D. New York. December 28, 1901.)

NAVIGABLE WATERS—DUMPING OF REFUSE MATTER—INDICTMENT—SUFFICIENCY.
An indictment based on Act June 29, 1888 (25 Stat. 209), as amended by Act Aug. 17, 1894 (28 Stat. 360), charged that M., being the owner, and R., being the master, of a steamer, "did unlawfully dump," and "aid and abet in the dumping" of, refuse matter "into the tidal waters of the harbor of New York, and the waters adjacent thereto"; the place being "at the Southern district of New York, within the admiralty and maritime jurisdiction of the United States, and within the jurisdiction of this court." Act March 3, 1899, prohibited the discharge of refuse into any navigable waters of the United States, etc. Section 16 declared that any master, pilot, or engineer, etc., who should knowingly engage in towing any vessel loaded with refuse matter to any point of deposit in any harbor or navigable water elsewhere than in certain prescribed limits, should be guilty of a violation of the act. Held, that the indictment charged an offense within the act of 1899, as well as within the act on which it was based, and therefore that the court would not consider whether the earlier acts were repealed by the act of 1899.

In Admiralty.

Henry L. Burnett, U. S. Atty., and William S. Ball, Asst. U. S. Atty.

Kellogg & Rose (Abram J. Rose, of counsel), for defendants.

THOMAS, District Judge. Moran, the owner, and Riley, the master, of a steam tug, are indicted for dumping a scow containing mud at a prohibited place, hereafter mentioned, in violation of a permit issued by the supervisor of the harbor of New York to the steam tug, on the application of Riley, in the name and by the authority of Moran. The indictment is based on the act of congress of June 29, 1888 (25 Stat. 209), as amended by the act of August 17, 1894 (28 Stat. 360). Upon demurrer to the indictment, it is urged, inter alia, that said act was repealed by the act of congress of March 3, 1899 (30 Stat. 1121), in which case Moran, owner, at least, would not be indictable under any facts stated in the indictment. The indictment, after charging the relation of Moran and Riley severally toward the tug as owner and master, the obtaining of the permit from the war department, and that the steamer and scow "were then and there subject to the terms, conditions, and requirements of the said permit and its indorsements," all of which are set out as appearing in and on the permit, further charges that:

"On the said 10th day of May in the year of our Lord 1901, at the Southern district of New York, within the admiralty and maritime jurisdiction of the United States, and within the jurisdiction of this court, the said

Michael Moran, being then and there the owner of the said steamer, M. Moran, and the said Frank S. Riley being then and there the master of the same, the said steamer being engaged in towing the said scow or dumper number 15X, as aforesaid, did unlawfully dump, discharge, and deposit, and aid and abet in the dumping, discharging, and depositing, into the tidal waters of the harbor of New York, and the waters adjacent thereto, from and out of said scow or dumper, of which the said Michaele Scotto was then and there the master and in charge as aforesaid, the said mud; and the place where the said mud was so dumped, discharged, and deposited as aforesaid was at a place prohibited by lawful authority, and was not at the dumping, discharging, and depositing place named and specified in the said permit and the indorsements thereon, but deviated therefrom."

It will be observed that the indictment alleges that Moran and Riley "did unlawfully dump, discharge, and deposit, and aid and abet in the dumping," and that the place of such wrongful act was "at the Southern district of New York, within the admiralty and maritime jurisdiction of the United States, and within the jurisdiction of this court," and that the discharge was "into the tidal waters of the harbor of New York, and the waters adjacent thereto." This charge would fall within the earlier act, and would also fall within the act of 1899, prohibiting such discharge "into any navigable water of the United States, or into any tributary of any navigable water from which the same shall float or be washed into such navigable water." Section 16 of the act of 1899 also provides:

"And any and every master, pilot, and engineer, or person or persons acting in such capacity, respectively, on board of any boat or vessel, who shall knowingly engage in towing any scow, boat, or vessel loaded with any material specified in section 13 of this act to any point or place of deposit or discharge in any harbor or navigable water, elsewhere than within the limits defined and permitted by the secretary of war, * * * shall be deemed guilty of a violation of this act, and shall upon conviction be punished as hereinbefore provided in this section."

Therefore, whatever act governs, the allegations of the indictment are sufficient, as regards the question of jurisdiction. The court is unwilling to pass upon facts not before it. The indictment is sufficiently specific, and the demurrer should be overruled, with leave to plead over.